In the United States District Court
Southern District of Texas
Laredo Division

| | |
|---|---|
| Thomas Ketchum, *Plaintiff*, v. Grace Road Lines Ltd, *Defendant* | Civil Action No. _____ <br><br> Jury Demanded |

**Defendant Grace Road Lines Ltd.'s Notice of Removal**

To the Honorable United States District Court:

Defendant, Grace Road Lines Ltd. ("Grace"), through the assistance of the undersigned counsel of record, files this Notice of Removal. In support thereof, Grace respectfully shows the Honorable Court as follows:

## I. Introduction

1. Plaintiff filed his state court action against Grace in La Salle County, Texas, on November 7, 2014.[1] The case was docketed as Cause No. 14-11-00194-CVL; *Thomas Ketchum v. Grace Road Lines Ltd.,* in the 218th Judicial District Court.

2. Plaintiff made a jury demand in his Original Petition.

---

[1] *See* Plaintiff's Original Petition, a copy of which is attached as Exhibit C-4.

3.      Defendant Grace was served with Plaintiff's Original Petition on June 8, 2015.

4.      Grace has not yet filed an Answer to Plaintiff's Original Petition.

5.      Plaintiff's claim against Grace appears to sound in negligence, including negligent hiring, training, supervision, retention, and monitoring.

6.      These claims arise out of a motor vehicle accident that occurred on May 30, 2014, in which Plaintiff alleges that while resting in the sleeper berth of his rig, he was struck by Grace Road Lines Ltd.'s driver.

7.      Plaintiff's Original Petition seeks the recovery of damages for past and future medical expenses, loss of earning capacity, physical pain and suffering, mental anguish, impairment, disfigurement, pre- and post-judgment interest, and costs of court.

8.      Grace's Notice of Removal is timely as it was filed within 30 days of when it was served with Plaintiff's Original Petition. Additionally, Defendant's Notice of Removal is timely as it is filed within 30 days of when it was first ascertainable that the case could be removed upon diversity jurisdiction. *See* 28 U.S.C. § 1446(b)(3).

9.      The one-year deadline on removal for diversity cases under 28 U.S.C. 1446(c) has not elapsed.

## II.     The Parties

10.     Plaintiff is a resident of Texas.[2]

---

[2] *Id.*

11.     Defendant Grace is a foreign corporation organized and existing under the laws of Canada. Its principal place of business is located at 3397 84 Street NE, Calgary, Alberta, T17 7H3, Canada.[3] Therefore, Defendant Grace is a citizen of Canada, a foreign country.[4]

### III.     Basis for Removal

#### A.     Removal Standard

12.     District courts of the United States are conferred original jurisdiction over any civil matter between citizens of a state and citizens of a foreign state involving an amount in controversy that exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a). Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to a district court of the United States for the district and division where the state action is pending. *See* 28 U.S.C. § 1441(a).

13.     For purposes of assessing diversity of citizenship, a corporate entity is deemed to be a citizen of both the foreign state in which it is incorporated as well as the location where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Mullins v. Test America, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009). With regard to determining whether diversity jurisdiction is present, citizenship is determined at the time the state court suit was filed. *See Smith v.*

---

[3] *Id.*

[4] *Id.*

*Sperling*, 354 U.S. 91, 93 (1957); *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir. 1992).

14. Diversity jurisdiction depends upon a showing of complete diversity, which means that no plaintiff may be a citizen of the same state or foreign state as one of the defendants. *See Whalen v. Carter*, 954 F.2d 1087, 1974 (5th Cir. 1992); *Mas v. Perry*, 489 F.2d 1396, 1398-1399 (5th Cir. 1974); *Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F. Supp. 328, 330 (S.D. Tex. 1995).

**B.     Removal of the State Court Action to Federal Court is Appropriate**

15. Plaintiff is a citizen of Texas; Grace is a citizen of Canada whose principle office is located in the Province of Alberta, Canada. As a result, there is complete diversity among the parties and removal is appropriate on the basis of diversity jurisdiction.

16. Removal is additionally appropriate under diversity jurisdiction as the amount in controversy, exclusive of interest and costs, exceeds $75,000.

17. When a plaintiff's monetary demand is stated in the complaint, a defendant can rely on that allegation to meet the federal court's jurisdictional requirement. *See S.W.S. Erectors, Inc. v. Influx, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). While Plaintiff's Original Petition does not specify the exact amount of damages they are alleging, it affirmatively represents that "Plaintiff prays for relief and judgment over $1,000,000.00,"[5] which is in excess of the threshold

---

[5] *Id.*

minimum for removal. Therefore, removal is proper as to the amount in controversy. 28 U.S.C. § 1332(a).

## IV. Jurisdiction and Venue

18. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

19. Venue is appropriate in the Southern District of Texas, Division of Laredo under 28 U.S.C. § 1441(a) because this district and division encompass La Salle County, Texas where the state court action is pending.

## V. FRCP Rule 38 Jury Demand

20. A jury trial is demanded on all issues presented in this case.

## VI. Required Documents

21. Pursuant to 28 U.S.C. 1446(a) and Rule 81 of the Local Rules of the Southern District of Texas, Grace attaches hereto copies of all filings in the state court action as well as the state court action's docket sheet.[6]

22. Pursuant to Rule 81(6) of the Local Rules of the Southern District of Texas, Grace attaches hereto a List of All Counsel of Record.[7]

## VII. Consent of All Defendants

23. Grace is the only defendant.

---

[6] *See* Exhibits B & C.

[7] *See* Exhibit D.

## VIII. Required Notice

24. Pursuant to 28 U.S.C. § 1446(d), Grace will promptly provide notice to all adverse parties and will file a copy of this Notice of Removal with the La Salle County District Clerk's Office.

## IX. Conclusion and Prayer for Relief

Wherefore, because there is complete diversity between the parties to this suit, and because the amount in controversy exceeds $75,000, Defendant Grace Road Lines Ltd. hereby removes all further proceedings in this action to the United States District Court for the Southern District of Texas, Laredo Division, and respectfully requests that this Court assume full jurisdiction in this action as provided by law. Grace asks for all further relief to which it may show itself entitled in law or in equity.

*[Signature block on following page]*

Respectfully submitted,

**Brown Sims**

/s/Michael D. Williams
Michael D. Williams
Attorney-in-charge
Texas Bar No. 21564330
Federal I.D. No: 6982
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (fax)
*mwilliams@brownsims.com*

*Attorneys for Defendant Grace Road Lines Ltd.*

**Of Counsel:**

**Brown Sims**

John Davis
Texas Bar No. 24012507
Micah A. Grodin
Texas Bar No. 24080505
Federal I.D. No. 1839521
*mgrodin@brownsims.com*

## Certificate of Service

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all attorneys of record in accordance with the Federal Rules of Civil Procedure as well as the Southern District of Texas' Local Rules via electronic filing as well as facsimile on this the 26th day of June, 2015.

>Michael Pierce
>M. Paul Skrabanek
>Pierce Chapman Skrabanek Bruera, PLLC
>3701 Kirby Drive, Suite 760
>Houston, Texas 77098
>832.690.7000
>832.575.4840 fax
>*michael@pcsblaw.com*
>*paul@pcsblaw.com*
>
>John A. Daspit
>Daspit Law Firm
>Texas State Bar No. 24048906
>952 Echo Lane, Suite 209
>Houston, Texas 77024
>713.588.0383
>713.587.9086
>*jdaspit@daspitlaw.com*
>
>*Attorneys for Plaintiff*

/s/Michael D. Williams
Michael D. Williams