35/50

CAUSE NO. 14-11-00194-CVL

| Thomas Ketchum | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| v. | § | LA SALLE COUNTY, TEXAS |
| Grace Road Lines Ltd | § | |
| Defendant | § | 218th JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

Thomas Ketchum (hereinafter "Plaintiff") complains of Grace Road Lines Ltd. ("Defendant") and would show the Court the following:

### I.

### Nature of Action

1. Plaintiff suffered injury as a result of being struck by Defendant's vehicle.

### II.

### Discovery Level

2. Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### III.

### Jurisdiction and Venue

3. The claims asserted arise under the common law of Texas.

4. Venue is proper because all or a substantial portion of the events giving rise to this lawsuit occurred in La Salle County.



## IV.

## Parties

5.   Plaintiff is a resident of Texas.

6.   Defendant Grace Road Lines, Ltd. is a Canadian corporation that may be served at its principal offices of 3397 84 Street NE, Calgary, AB T1Y 7H3.

## V.

## Facts

7.   On or about May 30, 2014, Plaintiff was resting in the sleeper berth of his rig when he was struck by Defendant. Defendant's driver admitted to making too wide of a turn and striking Plaintiff. Police cited Defendant's driver with fault in the collision. As a result of the collision, Plaintiff suffered injuries.

## VI.

## Causes of Action

*A.   Negligence.*

8.   Plaintiff repeats and realleges each allegation contained above.

9.   Plaintiff sustained injuries because of Defendant's negligence when:

- Defendant driver failed to control his vehicle's speed;
- Defendant driver failed to operate his vehicle safely;
- Defendant driver failed to keep a proper lookout;
- Other acts so deemed negligent.

10.   Defendant should also be held liable as a matter of law for its violations of the Texas Transportation Code.

11. As a result of Defendant's negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injuries.

### B. Negligent Hiring

12. Plaintiff repeats and realleges each allegation contained above.

13. Plaintiff sustained injuries as a result of Defendant's negligent hiring because of Defendant's:

- Failure to conduct a reasonable and adequate interview of its driver as a potential employee.

- Failure to properly follow up on information not provided by its driver in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to sufficiently investigate its driver's training, prior employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of its driver.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### C. Negligent Training.

14. Plaintiff repeats and realleges each allegation contained above.

15. Plaintiff sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to its driver.

3

- Failure to provide the necessary training to its driver regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to train its employees, including its driver, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**D.    *Negligent Supervision, Retention, and Monitoring.***

16.   Plaintiff repeats and realleges each allegation contained above.

17.   Plaintiff sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor its driver to make sure that he was complying with policies and procedures.

- Failure to interview and test its driver to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including its driver, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise its driver to insure that he was keeping the vehicle properly maintained.

4

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### E. *Negligent Entrustment*

18. Plaintiff repeats and realleges each allegation contained above.

19. Plaintiff sustained injuries as a result of Defendant's negligent entrustment because Defendant:

- Provided a vehicle to its driver who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

## VII.

## Prayer

Plaintiff prays for relief and judgment over $1,000,000.00, as follows:

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future physical pain and suffering;

- Past and future mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Interest on damages (pre- and post-judgment) in accordance with law;

- Costs of court; and

- Such other and further relief as the Court may deem just and proper.

## VII.

## Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

**PIERCE CHAPMAN**
**SKRABANEK BRUERA, PLLC**

MICHAEL R. PIERCE
State Bar No. 24039117
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 575-4840
E-mail: michael@pcsblaw.com
         paul@pcsblaw.com

And

John A. Daspit
Daspit Law Firm
Texas State Bar No. 24048906
952 Echo Lane, Suite 209
Houston, TX 77024
Telephone: (713) 588-0383
Facsimile: (713) 587-9086
E-mail: jdaspit@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**



FILED FOR RECORD
At 1:00 o'clock P .M.
NOV - 7 2014
MARGARITA ESQUEDA
COUNTY DISTRICT CLERK
LA SALLE COUNTY, TEXAS

6